is foreclosed by our precedent. *United States v. Mondragon–Santiago*, 564 F.3d 357, 366–67 (5th Cir.2009). Similarly, he concedes his contention that he deserves a lesser sentence based on the disparity in "fast track" programs is foreclosed by our precedent. *United States v. Gomez–Herrera*, 523 F.3d 554, 562–63 & n. 4 (5th Cir.2008). He raises these two issues only to preserve them for possible further review.

Last, Rosales contends his advisory Guidelines sentencing range failed to account for his personal history and circumstances. The district court listened to Rosales' contentions but concluded that a sentence at the bottom of his advisory Guidelines sentencing range was appropriate. Although cultural assimilation can be a mitigating factor, a district court is not required to give it "dispositive weight". *United States v. Lopez–Velasquez*, 526 F.3d 804, 807 (5th Cir.2008). Rosales' benign reason for reentering the United States (to find work), even in conjunction with his cultural assimilation, is insufficient to rebut the presumption of reasonableness.

AFFIRMED.

**Mohammad IRFAN, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 11–60467**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 27, 2012.

Chinyere Tracy Udenwagu, Esq., Udenwague & Associates, Houston, TX, for Petitioner.

Carmel Morgan, Esq., Trial Attorney, Tangerlia Cox, Don George Scroggin, Trial Attorney, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before DAVIS, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM: *

Mohammad Irfan (Irfan) petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reconsider its dismissal of his appeal from the denial of his application for withholding of removal, protection under the Convention Against Torture (CAT), and special rule cancellation of removal. He argues that the immigration judge (IJ) committed error and abused his discretion by denying relief and that the BIA erred by affirming the IJ's determi-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

